RECEIVED
IN LAKE CHARLES, LA

FEB 2 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:15CR00083** |
| **VS.** | : | **JUDGE MINALDI** |
| **LEO JOSEPH LACOMBE** | : | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The first two objections are factual and do not require a ruling by the court.

In his third objection, the defendant argues that the application of USSG §2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material) is not appropriate. Lacombe asserts that he pleaded guilty to possession of child pornography related to the video of actual sexual intercourse. This video allegedly was produced prior to his learning the victim's true age, but it was possessed and distributed after he became aware of her age. He argues that, because he thought she was an adult when he had sex with her and produced the video, it cannot be the basis for the application of the §2G2.1 enhancement. He further argues that, although the bathtub video was produced after he learned her age, it does not conatin images of her involved in sexually explicit conduct.

The application note located at USSG §2G2.2, comment note 5A, indicates that the

cross reference in subsection (c)(1) is to be "construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting live any visual depiction of such." Note 5B states that "sexually explicit conduct" has the meaning given that term in 18 USC §2256(2):

(2)(A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated--

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person.

Congress did not expressly define "lascivious exhibition of the genitals or pubic area." The court in *United States v. Dost,* 636 F.Supp. 828, 832 (S.D.Cal.1986), *aff'd sub nom., United States v. Wiegand,* 812 F.2d 1239, 1244 (9th Cir.1987), established six factors to consider in making this assessment. Those factors are (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive

2

(i.e., a location generally associated with sexual activity); (3) whether the child is depicted in an unnatural pose or inappropriate attire considering her age; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the image is intended or designed to elicit a sexual response in the viewer. *See Dost,* 636 F.Supp. at 832. These so-called "*Dost* factors" are not exhaustive: other factors may be relevant, depending upon the particular circumstances involved. *See id.* Despite the fact that the Ninth Circuit stated on appeal that the standard employed by the district court was "over-generous to the defendant," *Wiegand,* 812 F.2d at 1244, several other circuits have adopted the *Dost* factors, *see United States v. Knox,* 32 F.3d 733, 747 (3rd Cir.1994); *United States v. Wolf,* 890 F.2d 241, 244–46 (10th Cir.1989); *United States v. Rubio,* 834 F.2d 442, 448 (5th Cir.1987) (affirming use of factors without citing *Dost* ). Aa panel of the First Circuit has made mention of the criteria footnotes. *United States v. Amirault*, 173 F.3d 28, 31 32 (1st Cir. 1999); *See United States v. Nolan,* 818 F.2d 1015, 1019, n. 5 (1st Cir.1987); *accord   United States v. Robinson,* No. 95–10267–JLT, 1997 WL 136430, at *6–*7 (D.Mass. Mar. 7, 1997).  The First Circuit in *Nolan* found that while that the *Dost* factors are generally relevant and provide some guidance in evaluating whether the display in question is lascivious, these factors are neither comprehensive nor necessarily applicable in every situation. Although *Dost* provides some specific, workable criteria, there may be other factors that are equally if not more important in determining whether a photograph contains a lascivious exhibition. The inquiry should

always be case-specific.

Probation asserts that it is not clear if the video depicting the actual sexual intercourse was created before or after the defendant knew the victim's true age. Although the defendant asserts that he learned her true age after the video was produced, he admits that he distributed it after he learned her age. Whether or not the defendant knew the victim's true age when he engaged in sexually explicit conduct with her, for the purpose of producing a visual depiction, is irrelevant.

The defendant created the bathtub video after he knew the victim's age. He argues that this video does not contain sexually explicit material. Probation asserts that it does.

Probation further asserts that the case agent has indicated that, subsequent to the defendant's discovery of the victim's age, he specifically requested and received videos of the victim masturbating.

In considering the application of the cross reference in subsection (c)(1), the court in *United States v. Dawn*, 129 F.3d 878, 881-882 (7th Cir. 1997) held that the trafficking and possession guidelines both compel cross-referencing to the production guideline when "the offense involved causing, ... [or] permitting ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. §§ 2G2.2(c)(1), 2G2.4(c)(1). In *Dawn,* the government pointed out that the term "offense" is defined broadly to include not only the offense of conviction, but also all conduct deemed relevant by section 1B1.3. U.S.S.G. § 1B1.1 (comment.) (n. 1(*l* )).

4

This court has no difficulty finding that Lacombe's exploitation of the minor depicted in the videos produced and distributed constitute "relevant conduct." U.S.S.G. § 1B1.3(a)(1). So understood, Lacombe's possession offense without question "involved" the exploitation of the minor, bringing into play the cross-reference to the production guideline §2G2.1.[1]

Having considered the facts of this case contained in the PSR and response by Probation, the court finds that the application of §2G2.1 is warranted and the objection is OVERRULED.  The PSR shall remain unchanged.

Lake Charles, Louisiana, this _____ day of January, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1]  Taking into account conduct related to the offense of conviction in sentencing is not the same thing as holding the defendant criminally culpable for that conduct. *Watts,* 519 U.S. at 154, 117 S.Ct. 633; *Witte v. United States,* 515 U.S. 389, 401–04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). The offense of conviction remains paramount in terms of the statutory minimum and maximum sentences and what is relevant for sentencing purposes. Indeed, the purpose of looking to circumstances beyond the offense of conviction is to decide what degree of punishment to impose within the typically broad range authorized by the criminal statute. *United States v. Castro Valenzuela,* 304 F. App'x 986, 991 92 (3d Cir. 2008) *Dawn,* 129 F.3d at 884, *citing* Watts, 519 U.S. at 155, 117 S.Ct. 633; *Witte,* 515 U.S. at 401–04, 115 S.Ct. 2199.

5